UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| KENNETH HAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-67-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Kenneth Hayes is a federal prisoner who was recently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Hayes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record Nos. 1, 4] However, for the reasons discussed below, Hayes's petition will be denied.

Hayes states that, in February 2007, while he was in Florida state custody, federal Drug Enforcement Administration agents arrested him and prevented him from bonding out on a pending state drug charge. [Record No. 1 at 3; Record No. 4 at 5] Hayes remained in state custody. In November 2007, the Florida state court found Hayes guilty of possessing marijuana and sentenced him to the time he had served: 279 days. [Record No. 4-1 at 1] Around this same time, the United States District Court for the Middle District of Florida accepted Hayes's guilty plea to conspiring to possess with the intent to distribute and to distributing five kilograms or more of a mixture or substance containing cocaine. *See United States v. Kenneth Hayes*, No. 8:06-cr-505 at Record No. 85 (M.D. Fla.

-1-

November 21, 2007). Shortly thereafter (on January 25, 2008), the federal district court sentenced Hayes to 210 months of imprisonment. *See id.* at Record No. 90. The court later reduced Hayes' prison term to 168 months. *See id.* at Record No. 139.

Hayes has now filed a § 2241 petition with this Court, contending that he "was not given the appropriate amount of good time credit while being held in a Florida county jail." [Record No. 4 at 5] Specifically, he claims that he should receive a 279-day credit from his federal sentence because of the time he served in Florida state custody (i.e., from February 2007 through November 2007). [Record No. 5 at 3]

Hayes's argument does not have merit. The calculation of a federal prisoner's sentence is determined by 18 U.S.C. § 3585, which provides, in pertinent part, that:

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

The statute only permits a federal sentence credit if the time spent in custody on another charge "has not been credited against another sentence." *Id.* Here, the 279 days at issue that Hayes spent in Florida state custody *was* credited against another sentence— his state sentence for possessing marijuana. Accordingly, there is no merit to Hayes's claim that he is entitled to a 279-day credit off of his federal sentence.

Hayes nevertheless makes much of the fact that, while he was serving the 279 days in state custody, he was subject to a "federal hold that prevented a release on bond." [Record No. 5 at 3] He also repeatedly cites *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), in support of his claim. [Record No. 1 at 4; Record No. 5 at 2]. In *Willis*, the Fifth Circuit indicated that if a state prisoner could demonstrate that he was denied release on bail due to a federal detainer, then that prisoner was entitled to credit against his federal sentence because his time in custody was spent "in connection with" a federal offense. *Willis*, 438 F.2d at 925. This proposition is no longer good law as it was based on an old statute (18 U.S.C. § 3568) which permitted double counting for non-federal time spent in custody "in connection with" a federal offense. *See id.* Section 3568 was repealed on November 1, 1987, and replaced by § 3585(b) which specifically excludes such double counting. In short, *Willis* has thus been superseded by statute and Hayes's reliance on it is unavailing. *See also Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013) (explaining the difference between former § 3568 and § 3585(b)).

Finally, notwithstanding the plain language of § 3585(b), Hayes suggests that the Bureau of Prisons ("BOP") crafted an exception to the prohibition on double counting in Program Statement 5880.28. [Record No. 1 at 4; Record No. 5 at 2] Even if the Court assumes that Hayes's characterization of Program Statement 5880.28 is accurate (i.e., that the BOP has the authority to create such an exception), and that Hayes can invoke that exception in his § 2241 petition, the Program Statement only applies when federal and state sentences are concurrent. That clearly was not the case here, as the Florida state court sentenced Hayes in November 2007 to time served and the federal district court did not

impose its lengthy prison sentence until two months later, in January 2008.[1]  Thus, there is no merit to Hayes's claim based on BOP Program Statement 5880.28.

Accordingly, it is hereby

**ORDERED** as follows:

1. Hayes's petition for a writ of habeas corpus [Record Nos. 1, 4] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 26th day of September, 2017.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge

---

[1] Hayes notes that the Florida state court apparently amended its judgment in November 2015. [Record No. 5 at 2]. The front of the judgment indicates that it was "amended to reflect concurrent w/DOC sentence." [Record No. 4-1 at 1]. However, it is not clear what this language means and, in any event, it does not change the fact that Hayes's state and federal sentences were simply not concurrent. After all, Hayes completed his state sentence before his federal sentence was even imposed.